IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYLER TREMELLEN                            *

    Plaintiff,                              *

    v.                                       *

                                                Civil Action No.: RDB-12-02900

AUXILIARY OFFICER J.T. LEPORE             *
and BALTIMORE COUNTY,
MARYLAND                                   *

    Defendants.                             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

This case arises from a confrontation on December 11, 2011, between the plaintiff Tyler Tremellen ("Plaintiff" or "Tremellen") and defendant Auxiliary Officer J.T. Lepore ("Officer Lepore") which resulted in physical injury to the Plaintiff. The Plaintiff filed a Complaint (ECF No. 1) against Officer Lepore and Baltimore County, Maryland (together, "Defendants"), alleging excessive force and false arrest and imprisonment in violation of state and federal law, as well as battery, false arrest, and negligence claims under state law. The Defendants filed the pending Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 7), arguing that Tremellen's pleadings fail to state a claim upon which relief can be granted. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Defendants' Motion to Dismiss (ECF No. 7) is DENIED.

1

# BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). On Sunday, December 11, 2011, at approximately 2 a.m., the plaintiff Tyler Tremellen ("Plaintiff" or "Tremellen") and his friend Christopher A. Bowling ("Bowling") left a restaurant in Towson, Maryland, and started walking toward a friend's house on York Road. Compl. ¶ 8. While walking, Tremellen and Bowling began "playfully roughhousing for approximately five seconds in the crosswalk" at the intersection of York Road and Burke Avenue. *Id.* ¶ 9. The roughhousing did not interfere with traffic or disturb anyone, but it did catch the attention of Officer J.T. Lepore ("Officer Lepore"), who was traveling on York Road in a marked Baltimore County police vehicle. *Id.* ¶¶ 9-10. Upon seeing the vehicle's headlights, Tremellen and Bowling "stopped their horseplay . . . and resumed walking south on York Road." *Id.* ¶ 11. Officer Lepore stopped his vehicle, exited, and began speaking to Bowling. *Id.* ¶ 12. When Officer Lepore exited his car, Tremellen saw that the police vehicle's lights had not been activated and continued walking south toward their destination. *Id.* ¶ 13. Tremellen asserts that he did not hear any request from Officer Lepore to stop. *Id.*

Bowling explained to Officer Lepore that he and Tremellen were good friends and "had just been horsing around and not fighting." *Id.* ¶ 14. Bowling provided the officer with his identification and told him that they were both from Ocean City, Maryland and staying in Towson for the weekend. *Id.* Upon returning Bowling's identification, Officer Lepore told him it was not safe to play in the street and stated, "tell your friend he is an

asshole." *Id.* ¶ 14. Bowling then walked to his friend's house, where he believed Tremellen had already arrived. *Id.*

Due to his unfamiliarity with the area, Tremellen had continued walking down York Road and inadvertently passed the friend's house. *Id.* ¶ 16. Eventually, Tremellen realized he had walked too far and started walking back toward the intersection of York Road and Burke Avenue. *Id.* ¶ 18. Officer Lepore, who had returned to his vehicle and was driving south on York Road, saw Tremellen and followed him to the intersection of York Road and Burke Avenue. *Id.* ¶¶ 20-21. Officer Lepore did not activate his emergency lights on the car or otherwise make Tremellen aware of his presence. *Id.* ¶ 22. Tremellen alleges that he did not see the officer's vehicle. *Id.* ¶ 21.

Officer Lepore exited his car at the intersection and "charged at Plaintiff full speed from behind." *Id.* ¶ 22. Officer Lepore then "grabbed Plaintiff's arm using a martial arts maneuver while twisting it behind Plaintiff's back, and violently drove Plaintiff to the ground using all of his body weight while restraining Plaintiff's arm so that Plaintiff could not use his arms to break the fall." *Id.* Tremellen fell to his knee, then his face, and was knocked unconscious. *Id.* ¶¶ 24-25. Tremellen fractured his right medial tibial plateau bone, broke three of his front teeth, and suffered several facial lacerations as a result of the impact. *Id.*

On September 28, 2012, Tremellen filed a seven-count Complaint against Officer Lepore individually and Baltimore County, under whose authority Officer Lepore was acting at the time of his encounter with Tremellen. *Id.* ¶¶ 2-4. As against Officer Lepore, Tremellen asserts excessive force and false arrest and imprisonment claims under 42 U.S.C. § 1983, and battery, false arrest, and negligence claims under Maryland law. *Id.* ¶¶ 29-33, 41-

3

50.  In addition, Tremellen sues both Officer Lepore and Baltimore County for excessive force and false arrest and imprisonment under Articles 24 and 26 of the Maryland Declaration of Rights.  *Id.* ¶¶ 34-40.  In response to Tremellen's Complaint, Officer Lepore and Baltimore County have moved to dismiss the case or, in the alternative, be granted summary judgment.  Mot. to Dismiss 1, ECF No. 7.  In essence, the Defendants assert that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.*

## STANDARD OF REVIEW

The Defendants' motion is styled as a Motion to Dismiss or in the Alternative for Summary Judgment, yet its arguments concern only the sufficiency of the Plaintiff's Complaint.  Mot. to Dismiss 1, 4-5, ECF No. 1.  For this reason, this Court construes the Defendants' motion as a Motion to Dismiss.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

## ANALYSIS

On the first page of the Defendants' Motion to Dismiss, they list four specific grounds on which their motion should be granted: (1) that this Court lacks subject matter

5

jurisdiction; (2) that the Plaintiff fails to state a claim upon which relief can be granted; (3) that the Plaintiff was not deprived of any constitutional rights; and (4) that Officer Lepore is entitled to qualified immunity. Yet they only argue the second and third arguments in their motion.[1] Because the Defendants proffer no reason for concluding that this Court lacks subject matter jurisdiction or that Officer Lepore is entitled to qualified immunity, this Court need not consider these arguments.

It should be noted, however, that at this stage, and considering the facts alleged in the Plaintiff's Complaint, there is no basis for finding that this Court lacks subject matter jurisdiction or that Officer Lepore is immune from this suit. First, Tremellen has alleged plausible federal constitutional violations, which necessarily present federal questions. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366 (4th Cir. 2001) (finding that federal question jurisdiction exists when a federal question "appears on the face of a plaintiff's properly pleaded complaint"). Second the Defendants have not marshaled the essential arguments to make a claim of qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that a court considers two questions when addressing a qualified immunity claim—whether the facts the plaintiff alleges "make out a violation of a constitutional right" and whether the right at issue was "clearly established" at the time of the officer's alleged misconduct). As a general matter, the Fourth Amendment right to be free from unreasonable search or seizure is clearly established law, and the Defendants thus far have not challenged Tremellen's allegation that he was denied that right, except for contesting the sufficiency of the Complaint under Rule 12(b)(6).

---

[1] Mot. to Dismiss 4-7. The Defendants' Reply clarifies that the Motion to Dismiss is meant to challenge the sufficiency of Tremellen's claims under Rule 12(b)(6). Reply 1-2, ECF No. 10.

As for the Defendants' challenge under Rule 12(b)(6), they marshal several arguments. First, the Defendants assert that Counts Three and Four, which allege excessive force and false arrest and imprisonment, are duplicitous. *Id.* at 5. They then argue that Tremellen's excessive force claim is improperly designated as an Article 24 claim under the Maryland Declaration of Rights, when it should be asserted as a Fourth Amendment claim. Furthermore, they argue that Tremellen fails to allege facts sufficient to plead an excessive force claim, even if pursued under the Fourth Amendment. *Id.* at 5-7. Finally, the Defendants suggest that Tremellen fails to allege facts indicating an actual arrest or seizure. *Id.* at 6. For the reasons discussed below, these arguments are unconvincing, and the Defendants' Motion to Dismiss (ECF No. 7) is DENIED.

**A. Counts Three and Four are not duplicitous.**

Defendants Officer Lepore and Baltimore County suggest that Counts Three and Four are duplicitous because they violate the "Maryland Rules requirement that each claim be made in separate numbered paragraphs." Mot. to Dismiss 5. Count Three is an excessive force claim, which the Plaintiff asserts is "cognizable under Articles 24 and 26 of the Maryland Declaration of Rights." Compl. ¶¶ 34-36, ECF No. 1. Count Four is a false arrest and imprisonment claim, also presented as cognizable under Articles 24 and 26. *Id.* at ¶¶ 37-40. Maryland Rule 2-303(a), on which the Defendants rely, dictates that in a pleading, "[e]ach cause of action shall be set forth in a separately numbered count."

Rule 2-303(a) was not intended to bar counts which establish one cause of action and cite two alternative avenues by which the court may recognize the claim. Rather, the rule aims to prevent the grouping of multiple causes of actions together into a single count. For

7

example, in *Tavakoli-Nouri v. State*, 779 A.2d 992, 998 (Md. Ct. Spec. App. 2001), the Court of Special Appeals of Maryland found that a complaint was deficient under Rule 2-303(a) where it alleged five different counts collectively and without any enumeration.[2] Tremellen's Complaint is not deficient in the way that that the Court of Special Appeals in *Tavakoli-Nouri v. State* describes. Rather, Tremellen properly alleges seven separately enumerated claims, some of which include more than one avenue for relief. Compl. ¶¶ 29-50. For this reason, there is no merit to the Defendants' argument.

### B. The Plaintiff's excessive force claims are sufficiently pled.

The Defendants also suggest that Tremellen improperly seeks relief for excessive force under the Maryland Declaration of Rights, when he should have pursued this claim under the Fourth Amendment. Mot. to Dismiss 5. The Defendants further argue that Tremellen fails to allege any facts indicating the constitutional right allegedly denied him and whether Officer Lepore was acting under the color of law when he violated that right. *Id.* at 6-7. Neither argument gains traction with this Court.

First, the Defendants' argument that Article 24 is not applicable in this case, because any excessive force claim should instead be considered under the Fourth Amendment, is without consequence. Maryland law recognizes that the standard for analyzing excessive force claims under Articles 24 and 26 of the Maryland Declaration of Rights is "the same as for analyzing Fourth Amendment claims." *Henry v. Purnell*, 652 F.3d 524, 536 (4th Cir. 2011); *see also Smith v. Bortner*, 998 A.2d 369, 375 (Md. 2010) (citing Maryland cases

---

[2] Even then, the court provided the plaintiff an opportunity to form the pleadings properly, noting that, the "failure to plead separate counts should not be a fatal one given the ease with which it may be cured." *Tavakoli-Nouri*, 779 A.2d at 1002.

supporting the proposition that the Fourth Amendment's "objective reasonableness" test is also the "standard for analyzing claims . . . under Articles 24 and 26 of the Maryland Declaration of Rights"). The fact that Maryland's excessive force law is read *in pari materia* with the federal analogue does not imply that an excessive force claim must be pursued solely under the Fourth Amendment. *See Ross v. Cecil Cnty. Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 622 (D. Md. 2012). Individuals often bring claims under both federal and state law for alleged excessive force by a police officer. *See, e.g.*, *Okwa v. Harper*, 757 A.2d 118, 125, 139-140 (Md. 2000) (crediting a plaintiff's claims against police officers and the State of Maryland under both § 1983 and Article 24 of the Maryland Declaration of Rights). Accordingly, the Defendants' argument that Counts Three and Four of the Plaintiff's Complaint fail to state a claim is rejected.

The Defendants also argue that Tremellen fails to allege the specific constitutional right that he was denied as a result of Officer Lepore's alleged excessive force, as well as that Officer Lepore was acting under color of law. Mot. to Dismiss 6-7. On the contrary, Tremellen clearly makes both allegations. The Complaint states that Tremellen's excessive force claim hinges on the violation of his Fourth Amendment right to "be free from unjustified and excessive force utilized by police, as incorporated by the [F]ourteenth [A]mendment of the Constitution of the United States." Compl. ¶ 30. The Complaint also states that Officer Lepore's actions were committed pursuant to his authority as a Baltimore County police officer. *Id.* ¶ 4. Indeed, the factual scenario set out in the Complaint begins with the officer traveling in a marked Baltimore County police vehicle, and facts alleged throughout the Complaint indicate a plausible argument that Defendant Lepore was acting

9

under color of law during the confrontation. Tremellen's excessive force claim is thus sufficiently stated.

### C. Plaintiff's false arrest and imprisonment claims are also sufficiently pled.

Finally, the Defendants assert that Tremellen's Complaint lacks sufficient facts to support a plausible claim of false arrest and imprisonment under § 1983 or Articles 24 and 26 of the Maryland Declaration of Rights. Mot. to Dismiss 6. In particular, the Defendants suggest that "the lack of any facts indicating an actual arrest or seizure cause[s] the Maryland Declaration of Rights [c]laims," as well as the counts pled under § 1983, to fail. Mot. to Dismiss 6.

An actual arrest, however, is not necessary to effect a seizure for purposes of the Fourth Amendment and, consequently, Article 26. The Supreme Court has stated that a seizure under the Fourth Amendment occurs when a reasonable person, "in view of all of the circumstances surrounding [an] incident, . . . would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Such circumstances include the "physical touching of the person" and even a "brief detention short of traditional arrest." *Id.*; *see also Terry v. Ohio*, 392 U.S. 1, 16 (1968) ("It is quite plain that the Fourth Amendment governs "seizures" of the person which do not eventuate in a trip to the station house and prosecution from crime. . . . [W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person.").

In the Complaint, Tremellen sufficiently alleges facts indicating a seizure. Indeed, Tremellen alleges that Officer Lepore physically restrained him and that his confrontation with the officer caused him to lose consciousness. Compl. ¶¶ 24, 25. These allegations,

10

though suggestive of a confrontation briefer than traditional arrest, are sufficient to plead a seizure. *See, e.g.*, *Mendenhall*, 446 U.S. at 554; *Terry*, 392 U.S. at 16.

The Defendants also argue that Tremellen fails to allege that Officer Lepore lacked probable cause to arrest Tremellen. On the contrary, Tremellen's Complaint sufficiently demonstrates a lack of probable cause. The Supreme Court in *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979), explained that probable cause to justify an arrest exists where an officer "believe[s] that the suspect has committed or is committing an offense." In this case, Tremellen's Complaint clearly states that Officer Lepore lacked probable cause. Compl. ¶¶ 38, 46. Moreover, Tremellen alleges facts which, if true, would establish an absence of probable cause. *Id.* ¶¶ 8-22. First, Tremellen asserts that Bowling informed Officer Lepore that the incident that caught the officer's attention was merely two friends engaging in "roughhousing." *Id.* ¶ 14. Moreover, the Complaint does not suggest that Tremellen took any subsequent action that would lead a reasonable officer to believe that Tremellen was committing a crime. *See DeFillippo*, 443 U.S. at 36. In sum, Tremellen adequately alleges that Officer Lepore lacked probable cause to arrest Tremellen.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) is DENIED. A separate order follows.

Dated: May 2, 2013

/s/

Richard D. Bennett
United States District Judge